based on the nonpayment of rent for the three months covered by the first cause of action.

The landlord's claim for the increased rental of $4,500 per month, effective March 1, 1987, was based on a 30-day notice of increase allegedly served on January 29, 1987, receipt of which the defendant tenant denied. In fact, the only issue raised by the tenant in opposition to the motion for summary judgment was this denial and its assertion that it never agreed to a rent increase to $4,500 per month. In such circumstances, it was error to deny the motion in its entirety. The landlord is clearly entitled to rent at the rate of $1,500 per month for the months of December 1986 and January, February, March, April and May 1987, totaling $9,000. The tenant is liable for May 1987 rent, irrespective of whether it vacated on May 1, as it claims, or May 11, as the landlord alleges. Since an issue of fact exists as to whether a rent increase was in effect for the last three months of the tenant's occupancy, summary judgment is denied as to that aspect of the second cause of action. Concur—Kupferman, J. P., Sandler, Sullivan and Rosenberger, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROGER GRANT, Appellant.

Application by appellant's counsel to withdraw as counsel is granted. *(See, Anders v California,* 386 US 738; *People v Saunders,* 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no nonfrivolous points which could be raised on this appeal. Concur—Ross, J. P., Carro, Rosenberger, Wallach and Smith, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID FELIX, Appellant.

Application by appellant's counsel to withdraw as counsel is granted. *(See, Anders v California,* 386 US 738; *People v Saunders,* 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no nonfrivolous points which could be raised on this appeal. Concur—Ross, J. P., Carro, Rosenberger, Wallach and Smith, JJ.

■ In the Matter of 161 WILLIAM ASSOCIATES, Appellant, v